UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LILTONIA G. HAYGOOD,

                                      Plaintiff,                Case # 18-CV-1164-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

## INTRODUCTION

Plaintiff Liltonia G. Haygood brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 18. For the reasons that follow, Haygood's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## BACKGROUND

On October 1, 2014, Haygood applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 163. She alleged disability since November 1, 2013 based on obesity and herniated discs in her cervical and lumbar spine. Tr. 163-69, 192. On May 16, 2017, Administrative Law Judge Lynette Gohr ("the ALJ") held a hearing. Tr. 33. On November 28, 2017, the ALJ issued a decision finding that Haygood is not disabled. Tr. 12-32. On October 9,

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

2018, the Appeals Council denied Haygood's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" under the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Haygood's claim for benefits under the process described above. At step one, the ALJ found that Haygood had not engaged in substantial gainful activity since November 1, 2013, the alleged onset date. Tr. 17. At step two, the ALJ found that Haygood has the following severe impairments: bilateral shoulder arthritis, left knee osteoarthritis status post surgery, degenerative disc disease of the lumbar spine, cervicalgia, obesity, anxiety disorder (or

post-traumatic stress disorder), and depressive disorder. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 18. Next, the ALJ determined that Haygood retains the RFC to perform light work with additional restrictions. Tr. 19. At step four, the ALJ found that Haygood is unable to perform any past relevant work. Tr. 25. At step five, the ALJ found that Haygood can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 26 Accordingly, the ALJ concluded that Haygood is not disabled. Tr. 27.

## II. Analysis

Haygood argues that remand is required because the ALJ included in her RFC assessment a highly specific sit/stand/walk restriction that is unsupported by substantial evidence. The Court agrees.

In determining Haygood's physical RFC, the ALJ relied on the opinion of Michael Calabrese, M.D., with whom Haygood began treating in 2015 after a car accident. In February and March 2016, Dr. Calabrese opined that Haygood "is able to do light duties with no repetitive bending or squatting, avoiding prolonged periods of sitting or standing and alternating between sitting, standing, and walking." Tr. 549, 555. From this, the ALJ determined that Haygood "can sit for 60 minutes at a time and then must be allowed to change position to standing and/or walking for 5 minutes while remaining on task; [and] can stand and/or walk for 60 minutes at a time and then must be allowed to change position to sitting for 5 minutes while remaining on task." Tr. 19.

Dr. Calabrese's opinion does not contradict this highly specific restriction, but it does not substantially support it, either. "Specific RFC assessments must be based on evidence in the record, not on an ALJ's own surmise." *Elder v. Comm'r of Soc. Sec.*, No. 18-CV-1196, 2019 U.S. Dist. LEXIS 205159, at *15 (W.D.N.Y. Nov. 26, 2019) (quotation omitted) (remanding where

4

medical sources opined only that the claimant would have difficultly maintaining attention and concentration, but the ALJ extrapolated these opinions into specific time limits on the claimant's ability to stay on task); *see also Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where the ALJ determined that the claimant would be off task for ten percent of the workday, which the ALJ defined as six minutes per hour, but there was no evidence that the claimant "could perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday").

The Commissioner argues that an ALJ's RFC assessment need not perfectly correspond with a medical opinion in the record. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). Indeed, an "ALJ is not required to adopt wholesale any specific limitation assessed by any one provider. . . . [but may] choose between properly submitted medical opinions and other competent evidence to piece together an overall [RFC] assessment." *Cheri Lee H. v. Comm'r of Soc. Sec.*, No. 5:19-CV-10, 2020 U.S. Dist. LEXIS 3394, at *28-29 (N.D.N.Y. Jan. 9, 2020) (internal quotation marks omitted).

Here, however, the ALJ did not "piece together" an RFC assessment from competent evidence. She relied only on Dr. Calabrese's opinion, which was too general to substantially support her highly specific sit/stand/walk restriction. *See Jaeger-Feathers v. Berryhill*, No. 1:17-CV-06350(JJM), 2019 U.S. Dist. LEXIS 26149, at *11 (W.D.N.Y. Feb. 19, 2019) (describing sit/stand restriction similar to the one here as a highly specific restriction that required guidance from a medical opinion). The only other record evidence regarding the duration that Haygood could stand, sit, or walk *contradicted* the ALJ's finding: Haygood herself testified that she could only stand for 30 minutes at a time and that standing, sitting, or walking for more than 15 minutes aggravated her pain. Tr. 56, 255.

5

Accordingly, the Court remands this case because the ALJ's specific sit/stand/walk restriction in her RFC assessment is not supported by substantial evidence. *See Quinn v. Colvin*, 199 F. Supp. 3d 692, 713 (W.D.N.Y. 2016) (holding that the ALJ erred in finding that the claimant needed two minute breaks because no evidence supported that particular amount of time); *Milliken v. Berryhill*, No. 1:16-CV-00297 EAW, 2017 U.S. Dist. LEXIS 118950, at *51-52 (W.D.N.Y. July 28, 2017) (remanding where the ALJ did "not point to any indication in the record as to why [a] particular duration [of breaks] would permit Plaintiff to finish forty hours of light work a week").

Because the Court remands for the reasons discussed above, it declines to reach Haygood's other arguments.

## CONCLUSION

For all of the reasons stated, Haygood's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 18) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g); § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 15, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court